UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY A-B.,<br>Petitioner,<br>v.<br>MARKWAYEN MULLIN, et al.,<br>Respondents. | No. 1:26-cv-09195-MKD<br>A# 246-664-793<br>ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART AND REQUIRING BOND HEARING |

Petitioner, an immigration detainee at the California City ICE Processing Center, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons discussed below, the Court grants the Petition in part and requires Respondents to provide a bond hearing.

Petitioner is a native and citizen of Honduras who entered the United States on May 18, 2023. ECF No. 1 at 3. Immigration officials initially processed her for expedited removal, found that she demonstrated a credible fear of persecution, and released her on parole on June 23, 2023. ECF No. 7 at 16. She thereafter lived and worked in California, helping care for her sister’s children. ECF No. 1-1 at 2.

She applied for asylum and received employment authorization. *Id.* at 3. An immigration judge ordered her removed in absentia on January 5, 2026, ECF No. 7 at 27, but reopened the proceedings on February 25, 2026, *id.* at 29.

ICE arrested Petitioner near her residence on July 3, 2026. *Id.* at 15. Respondents attribute the arrest to six alleged missed appointments under her supervision program. *Id.* at 2, 16. Petitioner disputes those allegations. ECF No. 8 at 10. She has no criminal history. ECF No. 7 at 16. On October 21, 2026, an immigration judge denied her custody request because of "no jurisdiction," without determining whether she presented a danger or flight risk. *Id.* at 24.

Respondents contend that § 1225(b)(1) mandates Petitioner's detention. ECF No. 7 at 2. Petitioner argues that § 1226(a) governs. ECF No. 8 at 2-3. As this Court has previously concluded, detention under § 1225(b) remains subject to an individualized due process challenge. *See Roque Diaz v. Warden*, No. 1:26-cv-8234 (E.D. Cal. Oct. 30, 2026), ECF No. 7 at 2; *Ortiz Rojas v. Warden*, No. 1:26-cv-9090 (E.D. Cal. Nov. 20, 2026), ECF No. 8 at 3. The Court therefore assumes without deciding that § 1225(b) applies and addresses the constitutionality of Petitioner's continued detention. *See Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1108 (E.D. Cal. 2025).

"Admission and detention occupy fundamentally different positions in our legal order." *Padilla v. U.S. Immigr. & Customs Enf't*, 192 F.4th 894, 914 (9th

Cir. 2026). Petitioner challenges her confinement following approximately three years of government-authorized release. ECF No. 7 at 16. Conditional liberty is constitutionally protected and "[i]ts termination calls for some orderly process, however informal." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Petitioner's prior release and residence in the community support a protected interest in continued freedom from confinement. *See Omer G.G.*, 815 F. Supp. 3d at 1109.

The required procedures depend on "the private interest that will be affected," "the risk of an erroneous deprivation" and the likely benefit of additional safeguards, and "the Government's interest," including the burdens those safeguards would impose. *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). Those factors favor a hearing. Petitioner's interest in physical liberty is substantial after years of release, during which she worked and cared for family. ECF No. 1-1 at 2. The risk of erroneous deprivation is also substantial because the immigration judge declined to assess whether continued detention was warranted. ECF No. 7 at 24. While the alleged supervision violations may bear on flight risk, they do not eliminate the need for an individualized custody determination. *Omer G.G.* likewise involved disputed missed check-ins and required a hearing to determine whether renewed detention was justified. 815 F. Supp. 3d at 1111. Here, a hearing would permit Petitioner to contest the allegations and present evidence supporting

release. And while Respondents have a substantial interest in ensuring Petitioner's appearance in removal proceedings, a hearing allows that interest to be assessed while protecting against unnecessary confinement. The additional administrative burden is modest. *See id.* On balance, Petitioner's continued detention without such a hearing violates due process as applied to her circumstances.

Petitioner argues that the absence of earlier process requires immediate release. ECF No. 8 at 6-7. Habeas relief may allow a reasonable opportunity to correct a defect in immigration proceedings. *See Mahler v. Eby*, 264 U.S. 32, 46 (1924). A prompt hearing is appropriate here because the immigration judge can evaluate the disputed supervision allegations and determine whether detention or conditions of release are warranted. *See Omer G.G.*, 815 F. Supp. 3d at 1111-12.

The ordinary procedures upheld in *Rodriguez Diaz v. Garland* included a bond hearing on the merits and opportunities for further review. 53 F.4th 1189, 1209-10 (9th Cir. 2022). Petitioner has been denied those protections because Respondents maintain that her detention is mandatory. ECF No. 7 at 2, 24. Given her prior release and the absence of merits custody determination, Respondent must establish by clear and convincing evidence that Petitioner presents a flight risk or danger to the community sufficient to justify continued detention without bond. *See, e.g.*, *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Omer G.G.*, 815 F.Supp.3d at 1112; *see also Rodriguez*, 53 F.4th at 1199

(explaining that *Singh* was based on general principles of due process); *accord Roque Diaz*, ECF No. 7 at 5-6; *Ortiz Rojas*, ECF No. 8 at 7.

Because the Court grants relief on Petitioner's procedural due process claim, it need not reach her alternative statutory, APA, and Fourth Amendment theories for habeas relief.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **GRANTED in part**, as set forth below.
2. **Within 21 days of this Order**, unless Petitioner requests a later date, Respondents **SHALL** provide Petitioner an individualized bond hearing before an immigration judge. At that hearing, "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community" to justify detention without bond. *Singh*, 638 F.3d at 1203.
3. In determining conditions of release and setting any bond, the immigration judge **SHALL** consider Petitioner's financial circumstances and alternative conditions of release. *See Hernandez*, 872 F.3d at 1000.
4. Respondents **SHALL** provide Petitioner at least 72 hours' written notice of the hearing in a language she understands. Petitioner

**SHALL** be permitted to appear and be represented by counsel. Any counsel appearing on his behalf **SHALL** also receive at least 72 hours' notice.

5. Respondents **SHALL** provide a copy of this Order to the immigration judge presiding over the bond hearing and arrange for the hearing to be recorded.

6. If Respondent does not provide the required hearing within 21 days, absent an extension requested by Petitioner, Respondents **SHALL** immediately release her.

7. The Clerk of Court is directed to serve the California City ICE Processing Center with this Order.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Petitioner and **CLOSE** this case.

DATED November 25, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE